THE WAYNE BANK *v.* BOB SCHMIDT CHEVROLET, INC., ET AL.

(No. 80-0052—Decided August 13, 1981.)

8

Court of Common Pleas of Lucas County.

*Messrs. Cooper, Straub, Walinski & Cramer* and *Mr. Rodman Cooper,* for plaintiff.
*Mr. James F. Shemas,* for defendant Khatib.
*Mr. Jeffrey E. Smith,* for defendant Toledo Trust Co.
*Messrs. DeMuth & John* and *Mr. Philip C. Davis,* for defendant and third-party plaintiff, Bob Schmidt Chevrolet.
*Mr. John T. Corrigan,* prosecuting attorney, for third-party defendant Fuerst.

RESTIVO, J.   This cause is presently before the court upon the motion of the plaintiff, The Wayne Bank, for summary judgment on its claim against defendant Bob Schmidt Chevrolet, and on the motion of the third-party defendant, Gerald E. Fuerst, to dismiss the third-party complaint. The cause was submitted on the pleadings, the attached affidavits and the briefs of counsel. In consideration of the same, this court finds that the plaintiff's motion for summary judgment is not well-taken and must be denied, but that the third-party defendant's motion to dismiss is well-taken and should be granted.

The facts of this case can be simply stated. On or about April 13, 1978, plaintiff loaned approximately six thousand dollars to defendants Marion and Shirley Wells to finance the purchase of a 1978 Chevrolet automobile. On May 23, 1978, plaintiff perfected a security interest in that automobile which was reflected by the Michigan vehicle certificate of title issued by the Secretary of State of Michigan to defendants Marion and Shirley Wells. These defendants subsequently brought the car into the state of Ohio and secured an Ohio certificate of title on or about January 22, 1979. Because of an alleged forgery, these defendants were able to demonstrate on their Michigan certificate of title that plaintiff's security interest had been terminated, and thus, the newly issued Ohio certificate of title failed to reflect the plaintiff's perfected security interest in the automobile.

On January 29, 1979, defendants Marion and Shirley Wells transferred the automobile to defendant Bob Schmidt Chevrolet, an Ohio dealer in automobiles, in a transaction based on the Ohio certificate of title. Bob Schmidt Chevrolet then sold the automobile to defendant Mike Khatib, who

created a security interest in that automobile in favor of defendant Toledo Trust Company. In August of 1979, plaintiff finally discovered that the automobile had been taken to Ohio and that it was titled in Ohio to Mr. Khatib.

Plaintiff then brought this action seeking foreclosure of its perfected security interest in the 1978 Chevrolet automobile. Plaintiff also sought recovery from defendant Bob Schmidt Chevrolet on the ground that it had converted the plaintiff's property. Defendant Bob Schmidt Chevrolet subsequently filed its third-party complaint against Gerald E. Fuerst, the Clerk of Courts in Cuyahoga County who had issued the Ohio certificate of title, for failing to use "reasonable diligence" in issuing that title.

In looking first at the plaintiff's motion for summary judgment, it is clear that the issue is the priority of conflicting claims to a motor vehicle as between two innocent parties where multiple state transactions are involved. The court is of the opinion that this is a case of first impression in Ohio under the January 1, 1979 amendment of R. C. 1309.03. Prior to that amendment, Ohio had, by judicial exception, held that R. C. 1309.03 was not applicable to motor vehicles. *GMAC* v. *Birkett L. Willliams Co.* (1969), 17 Ohio Misc. 219, 46 O. O. 2d 311 (Cuyahoga Co. C.P.), relying on *Hardware Mutual Cas. Co.* v. *Gall* (1968), 15 Ohio St. 2d 261.

The January 1, 1979 amendments to R. C. 1309.03, however, were specifically enacted to resolve the traditional confusion surrounding priority of rights with respect to security interests in multiple state transactions. R. C. 1309.03(B) specifically included automobiles within the coverage of this section. See Official Comment 4(a). Thus, this court finds that the holding in *GMAC* v. *Birkett L. Williams Co., supra,* that R. C. 1309.03 is not applicable to motor vehicles, was specifically overturned by the Ohio legislature's 1979 amendment of that section.

In applying R. C. 1309.03 to the case at bar, the court finds that plaintiff's perfected security interest in the 1978 Chevrolet automobile does not prevail against defendant Bob Schmidt Chevrolet. That section provides in relevant part:

"(A) Documents, instruments, and ordinary goods.
\* \* \*

"(4) When collateral is brought into and kept in this state

while subject to a security interest perfected under the law of the jurisdiction from which the collateral was removed, the security interest remains perfected, but if action is required by sections 1309.20 to 1309.37 of the Revised Code to perfect the security interest:

"(a) If the action is not taken before the expiration of the period of perfection in the other jurisdiction or the end of four months after the collateral is brought into this state, whichever period first expires, the security interest becomes unperfected at the end of that period and is thereafter deemed to have been unperfected as against a person who became a purchaser after removal;

"* * *

"(B) Certificate of title.

"(1) This division applies to goods covered by a certificate of title * * * [in] which indication of a security interest on the certificate is required as a condition of perfection.

"(2) Except as otherwise provided in this division, perfection and the effect of perfection or nonperfection of the security interest are governed by the law, including the conflict of laws rules, of the jurisdiction issuing the certificate *until four months after the goods are removed from that jurisdiction* and thereafter until the goods are registered in another jurisdiction * * * . *After the expiration of that period, the goods are not covered by the certificate of title* within the meaning of this section. [Emphasis added.]

"(3) Except with respect to the right of a buyer described in division (B)(4) of this section [*i.e.,* a non-professional buyer] a security interest, perfected in another jurisdiction otherwise than by notation on a certificate of title, in goods brought into this state and thereafter covered by a certificate of title issued by this state is subject to the rules stated in division (A)(4) of this section.

"(4) If goods are brought into this state while a security interest therein is perfected in any manner under the law of the jurisdiction from which the goods are removed and a certificate of title is issued by this state and the certificate does not show that the goods are subject to the security interest * * * , the security interest is subordinate to the rights of a buyer of the goods who is not in the business of selling goods of that kind * * * ."

It appears from a reading of this section that R. C. 1309.03 (B)(4) is the applicable division for the case at bar. That division, however, expressly applies only to non-professional buyers who are accorded a favorable position since they are unable to protect themselves in situations such as the one at bar. See Official Comment 4(e); Johnston, The New Chapter 1309: Ohio Adopts the 1972 UCC Amendments, 52 Ohio Bar 1552, 1576 (Sept. 17, 1979). Since Bob Schmidt Chevrolet is a professional buyer of automobiles, this division cannot apply and a court must look elsewhere in R. C. 1309.03(B) for the applicable division.

In looking at division (B)(3), it is clear that it applies only to cases in which perfection in the other jurisdiction was executed in a way *other than by notation on a certificate of title.*[1] Since plaintiff's perfection in Michigan was noted on a certificate of title, division (B)(2) must provide the solution. While this division is difficult to interpret, the court finds that it provides a four-month grace period to an out-of-state perfected security interest in goods covered by a certificate of title, similar to the grace period set forth in division (A)(4)(a). After the expiration of that four-month grace period, the out-of-state security interest becomes unperfected unless it was reperfected in this state by the out-of-state secured party. See, similarly, *Arrow Ford, Inc.,* v. *Western Landscape Construction Co., Inc.* (1975), 23 Ariz. App. 281, 532 P. 2d 553. See, also, Note, Resolving Conflicts Arising From the Interstate Movement of Motor Vehicles: The Original UCC §9-103 And Its Successor, 35 Ohio St. L. J. 990 (1974); Official Comment 4(d).

Since plaintiff in the case at bar failed to reperfect its security interest within four months after the time the 1978 Chevrolet automobile was brought into the state of Ohio, its security interest in that automobile became unperfected. The fact that defendant Bob Schmidt Chevrolet arguably bought and sold that automobile within the four-month grace period is of no effect since it is this court's opinion that the plaintiff was guilty of laches in failing to reperfect its security interest in

---

[1] Only under this division of R. C. 1309.03(B) would the perfection of goods covered by a certificate of title revert back to the provisions in division (A)(4), and since it is inapplicable, the argument of defendant Bob Schmidt Chevrolet that division (A)(4) is dispositive is not well-taken.

this state, and that this failure relates back making plaintiff's prior perfected out-of-state security interest unperfected from the time the automobile was removed to Ohio. See, similarly, *Arrow Ford, Inc.*, v. *Western Landscape Const. Co., supra,* at 556-57; *United States* v. *Squires* (S.D. Iowa 1974), 378 F. Supp. 798.

Moreover, the court finds that this interpretation of R. C. 1309.03(B)(2) places the risk of loss as between two innocent parties in the proper place. Plaintiff was in the best position to prevent this loss by tracing and keeping track of its collateral, or by insuring itself against such loss. Also, the court does not agree with the reasoning in the case of *IAC Ltd.* v. *Princeton Porsche-Audi* (1978), 75 N.J. 379, 382 A. 2d 1125, cited by plaintiff, as this would place an undue burden on professional auto dealers and would hinder the alienability of property. As the Official Comment to R. C. 1309.03 states:

" * * * The only solution for the out-of-state secured party under present certificate of title laws seems to be [to] reperfect by possession, i.e., by repossessing the goods" (at paragraph 4[e] ).

Finally, plaintiff has also argued that applying the January 1, 1979 amendment of R. C. 1309.03 to its 1978 perfected security interest would amount to an unconstitutional impairment of its contract creating that security interest contrary to Section 10, Clause 1, Article I of the United States Constitution, and Section 28, Article II of the Constitution of Ohio. It is the general rule, however, that the alteration or modification of a remedy existing when a contract was entered does not constitute an impairment of the obligation of the contract. See, *e.g., Coca-Cola Bottling Corp.* v. *Lindley* (1978), 54 Ohio St. 2d 1; *Lash* v. *Mann* (1943), 141 Ohio St. 577; *Flory* v. *Cripps* (1937), 132 Ohio St. 487. In this case, the court is of the opinion that the January 1, 1979 amendment of R. C. 1309.03 did not affect plaintiff's vested right under the contract to his security interest in the 1978 Chevrolet automobile. Instead, the amended law was remedial in nature requiring only that plaintiff use extra precaution in protecting that interest in the case of multi-state transactions involving the collateral. Thus, there was no unconstitutional impairment of plaintiff's contract creating its security interest.

In short, this court finds that R. C. 1309.03(B)(2) is the

controlling law in this case, and that because plaintiff failed to reperfect its security interest in Ohio within the four-month grace period, its motion for summary judgment against defendant Bob Schmidt Chevrolet cannot be granted. Furthermore, the court holds that because plaintiff failed to reperfect, its security interest became unperfected at the time the automobile in question was removed to Ohio, and was no longer prior in time to the title held by defendant Bob Schmidt Chevrolet. Thus, even though defendant Bob Schmidt Chevrolet has not moved for summary judgment, this court finds that no material questions of fact exist, and that reasonable minds could only conclude that defendant Bob Schmidt Chevrolet is not liable to plaintiff for converting its collateral. Summary judgment should be granted in favor of defendant Bob Schmidt Chevrolet. See *Houk* v. *Ross* (1973), 34 Ohio St. 2d 77.

Finally, with respect to the motion of the third-party defendant, Gerald E. Fuerst, to dismiss the third-party complaint, this court finds that such motion is well-taken and should be granted. Under R. C. 4505.06, the duties of Mr. Fuerst as Clerk of Court for Cuyahoga County in issuing a certificate of title are as follows:

" * * * Such application [for a certificate of title] shall be filed with the clerk of court of common pleas of the county in which the applicant resides * * * . If the application refers to a motor vehicle last previously registered in another state, the application shall also be accompanied by the physical inspection certificate required by section 4505.061 of the Revised Code. The clerk shall retain the evidence of title presented by the applicant and on which the certificate of title is issued. The *clerk shall use reasonable diligence in ascertaining whether or not the facts in said application are true by checking the application and documents accompanying it with the records of motor vehicles in his office;* if satisfied that the applicant is the owner of such motor vehicle and that the application is in the proper form, the clerk shall issue a certificate of title over his signature and sealed with his seal." (Emphasis added.)

It is apparent from this language that the only duty charged to Mr. Fuerst was to use reasonable diligence in ascertaining whether the facts in the application of defendants Marion and Shirley Wells for a certificate of title were true by

checking the application with the records of motor vehicles in his office. The fact that Mr. Fuerst failed to discover the plaintiff's lien on the 1978 Chevrolet automobile does not demonstrate a failure to use "reasonable diligence" since no records are maintained in his office which would show the attachment or release of liens to automobiles titled in states other than Ohio. Without any other allegations of breach of duty by Mr. Fuerst, the complaint of the third-party plaintiff, Bob Schmidt Chevrolet, fails to state a claim upon which relief could be granted and must, therefore, be dismissed.

*Judgment accordingly.*