OPINION OF THE COURT
Alfred D. Lerner, J.
In this action for conversion and damages plaintiff, Brewton Trading Corp. (hereinafter Brewton), moves for summary judgment. Defendant, Midland Bank and Trust Company (hereinafter Midland), cross-moves for summary judgment.
On or about August 23, 1979, Bayport Auto Body, Inc. (hereinafter Bayport), purchased from Nussbaums Sales Corp. a 1979 Ford truck. Bayport executed an installment sales security agreement and disclosure statement, pursuant to which Midland was granted a security interest in the truck.
On or about September 11, 1979, Bayport was issued a certificate of ownership by the New Jersey Division of Motor Vehicles in compliance with the provisions of the New Jersey certificate of title statute. On the certificate, Midland was listed as a secured party.
*476 On September 19, 1979, Bayport registered the truck in New York State in compliance with section 401 et seq. of the Vehicle and Traffic Law. It is unknown whether Bay-port ever applied for a certificate of title in New York, but in any event no certificate was ever issued.
The Internal Revenue Service seized the truck for nonpayment of delinquent taxes due from Bayport and sold it at public auction on December 17, 1980 to Brewton for $200. The certificate of sale of seized property given to Brewton at the sale contained the provision that “this certificate transfers to the purchaser named above, all right, title and interest of the taxpayer shown above in and to the personal property described.” Allegedly, an officer of Midland was present at the sale and advised Brewton of Midland’s security interest in the truck. On December 22, 1980, Midland sent Brewton a letter advising it that the balance of the lien of $7,584.78 was due and owing and requested said balance.
On December 23, 1980, a certificate of title, which did not contain notice of Midland’s lien, was issued to Brewton by the New York State Motor Vehicles Department. On February 3, 1981, Midland repossessed the truck in accord with section 6 of its security agreement which provided that Midland could “declare the obligation immediately due and payable, without notice to buyer * * * and may take possession of the collateral without notice to the Buyer.” Plaintiff thereafter commenced this action for conversion and damages.
Resolution of the question of who should prevail, the secured lender or the subsequent purchaser, requires an examination of section 9-103 of the Uniform Commercial Code entitled “Perfection of Security Interests in Multiple State Transactions”. Paragraph (b) of subdivision 2 of the afore-mentioned section entitled “Certificate of title” provides: “[Perfection and the effect of perfection or nonperfection of the security interest are governed by the law * * * of the jurisdiction issuing the certificate until four months after the goods are removed from that jurisdiction and thereafter until the goods are registered in another jurisdiction, but in any event not beyond surrender of the certificate.”
*477 Clearly, Midland perfected its interest in the truck in New Jersey. Thus, the security interest shown on the New Jersey certificate of title continues indefinitely in New York without the need for Midland to reperfect its interest pursuant to section 2118 (subd [c], par [1]) of the Vehicle and Traffic Law (rather than for four months for documents, instruments and ordinary goods [Uniform Commercial Code, § 9-103, subd (1), par (d), cl (i)]) until “the goods are registered in another jurisdiction, but in any event not beyond surrender of the certificate.”
When section 9-103 (subd [2], par [b]) of the Uniform Commercial Code speaks of “registration” the court construes the language to contemplate the issuance of a title certificate and not merely the procurement of nontitle registration to operate a motor vehicle upon the public highways of New York. When Bayport registered the truck in New York, Midland did not lose its secured status since registration does not require the noting of secured interests.
Moreover, Brewton had notice of Midland’s interest at the Internal Revenue sale and by letter the following day. Brewton, who admits to running a “search of title and liens,” had to be aware that the truck was not covered by a New York certificate of title but had only been registered in New York. Brewton should have given effect to Midland’s notice of lien at least to the extent of making effective inquiry.
Thus, the “clean” certificate of title thereafter issued to Brewton could not stop Midland’s lawful levy upon the truck. (Vehicle and Traffic Law, § 2108, subd [d].)
Accordingly, plaintiff’s motion for summary judgment is denied and defendant’s cross motion for summary judgment is granted.