**In re Rickie and Sherrie DANIELS, Debtors.**

**Jane B. FORBES, Trustee, Plaintiff,**

v.

**Rickie and Sherrie DANIELS, Centrust Savings Bank, Defendants.**

**Bankruptcy No. 387–06510.**

**Adv. No. 388–0128.**

United States Bankruptcy Court, M.D. Tennessee.

Dec. 7, 1988.

Jane B. Forbes, Franklin, Tenn., for trustee.

J. Phillip Jones, Nashville, Tenn., for Centrust Sav. Bank.

MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

The question presented on cross-motions for summary judgment is whether CenTrust Savings Bank has a perfected securi-

ty interest in the debtors' boat and motor. CenTrust Savings Bank has a perfected security interest under TENN.CODE ANN. § 47–9–103(2)(b) and § 47–9–302(3)(c) (Supp.1985).

This is a core proceeding. 28 U.S.C. § 157(b)(2)(A), (K). The following are findings of fact and conclusions of law. Bankr.R. 7052.

### I.

In September of 1985, the debtors, then residents of Florida, purchased a 21–foot Eliminator Daytona boat and Evinrude 235 horse power motor. The purchase was financed by CenTrust Savings Bank ("CenTrust"), which retained a purchase money security interest and perfected that security interest under Florida law by notation of a lien on a "Vessel's Certificate of Title." The debtors moved the boat and motor to Tennessee. The boat was never registered in Tennessee.

The debtors filed Chapter 7 approximately six months after changing residence to Tennessee. The trustee seeks to avoid the security interest of CenTrust in the boat and motor on the theory that the bank is unperfected because it failed to file a financing statement in Tennessee within four months of the collateral coming to this state. CenTrust contends that its lien on the Florida certificate of title continues to be perfected and defeats the trustee in bankruptcy.

### II.

TENN.CODE ANN. § 47–9–103 controls perfection of security interests in multiple state transactions. Section 47–9–103(1)(a) recites a specific exclusion and cross-reference for goods subject to a certificate of title:

(a) This subsection applies to documents and instruments and to goods *other than those covered by a certificate of title described in subsection (2)*. . . .

TENN.CODE ANN. § 47–9–103(1)(a) (emphasis added). Subsection 47–9–103(2) deals with perfection of security interests in multiple state transactions involving goods subject to a certificate of title:

(a) This subsection applies to goods covered by a certificate of title issued under a statute of this state or *of another jurisdiction under the law of which indication of a security interest on the certificate is required as a condition of perfection.*

TENN.CODE ANN. § 47–9–103(2)(a) (emphasis added).

The debtors' boat and motor are covered by a certificate of title under Florida law. FLA.STAT. 328.03(1) (1987). To accomplish perfection, Florida law requires notation of a security interest on the certificate of title of a boat. FLA. STAT. 679.-302(3)(b) (1987). This boat and motor were subject to a Florida certificate of title at removal to Tennessee.

Section 47–9–103(2) of the Tennessee Code determines the outcome of this case:

(b) Except as otherwise provided in this subsection, perfection and the *effect of perfection or nonperfection of a security interest are governed by the law (including the conflict of law rules) of the jurisdiction issuing the certificate until four (4) months after the goods are removed from that jurisdiction and thereafter until the goods are registered in another jurisdiction,* but in any event not beyond surrender of the certificate. After the expiration of that period, the goods are not covered by the certificate of title within the meaning of this section.

TENN.CODE ANN. § 47–9–103(2)(b) (emphasis added). The debtors' boat has not been registered in Tennessee; the Florida certificate of title has not been surrendered. Under Florida law, CenTrust has a perfected security interest sufficient to defeat the trustee in bankruptcy. FLA. STAT. 679.312(5)(a) (1987).

A Tennessee financing statement is not required to defeat the trustee in this multiple state transaction. TENN.CODE ANN. § 47–9–302 entitled "When filing is required to perfect security interest" provides:

The filing of a financing statement otherwise required by this chapter is *not necessary or effective* to perfect a security interest in property subject to:

   .    .    .    .    .

(c) a certificate of title statute of another jurisdiction under the law of which indication of a security interest on the certificate is required as a condition of perfection (subsection (2) of § 47–9–103).

TENN.CODE ANN. § 47–9–302(3)(c) (emphasis added).

The presence of the boat in Tennessee for more than four months does not change the result. TENN.CODE ANN. § 47–9–103(2)(b) validates perfection of CenTrust's security interest under Florida law until four months after the goods are removed from Florida *and "thereafter until the goods are registered in another jurisdiction...."*

The parties have declined to commit whether the 1963 version of Tennessee's Uniform Commercial Code or the 1985 version (effective January 1, 1986) applies in this case. It makes no difference. Florida law governs under TENN.CODE ANN. § 47–9–103(4) (1963):

Notwithstanding subsections (2) and (3), if personal property is covered by a certificate of title issued under a statute of this state or *any other jurisdiction which requires indication on a certificate of title of any security interest in the property as a condition of perfection, then the perfection is governed by the law of the jurisdiction which issued the certificate.*

TENN.CODE ANN. § 47–9–103(4) (emphasis added). Perfection of the CenTrust security interest survives movement of the boat to Tennessee under either version of the Uniform Commercial Code.

An appropriate order will be entered.

### ORDER

For the reasons stated in the memorandum filed contemporaneously herewith, IT IS ORDERED, ADJUDGED and DECREED that CenTrust Savings Bank has a perfected security interest in the 21 foot Eliminator boat and 235 horse power Evinrude motor. The defendant's motion for summary judgment is granted.

IT IS SO ORDERED.