**In re Melvin G. AGUIAR and Susan Lynn Aguiar, Husband and Wife, Debtors.**

**Bankruptcy No. 90–00259–7.**

United States Bankruptcy Court, D. Idaho.

July 3, 1990.

Kenneth L. Anderson, Lewiston, Idaho, for trustee.

Theodore O. Creason, Ware, O'Connell & Creason, Lewiston, Idaho, for GMAC.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

The debtors filed their Chapter 7 petition on January 26, 1990. After GMAC moved to have the automatic stay lifted the trustee moved to avoid the security interest of GMAC in a boat, motor and trailer owned by the debtors.

The parties have stipulated to the following facts:

1. That at the time of purchase the debtors were residents of Nevada.

2. The purchase of the boat, motor and trailer was financed by a retail installment contract from GMAC.

3. GMAC had a perfected security interest in the boat, motor and trailer in Nevada.

4. The debtors moved to Idaho in June of 1989.

5. The debtors registered the boat in Idaho on July 1, 1989.

GMAC still has a valid security interest in the trailer. The Aguiars acknowledge they have not registered the trailer or applied for a title in Idaho. The issue is whether GMAC's perfection by certificate of title from Nevada ensures a valid security interest in the boat and motor after the boat was registered in Idaho.

Idaho Code 28–9–103(2)(b) provides:

(b) Except as otherwise provided in this subsection, perfection and the effect of perfection or nonperfection of the security interest are governed by the law (including the conflict of laws rules) of the jurisdiction issuing the certificate until four (4) months after the goods are removed from that jurisdiction and thereafter until the goods are **registered** in another jurisdiction, but in any event not beyond surrender of the certificate. After the expiration of that period, the goods are not covered by the certificate of title within the meaning of this section. (emphasis added)

The trustee alleges under Idaho Code 28–9–103(2)(b) the registration of the boat in Idaho defeats GMAC's security interest in the boat and motor since the boat was

registered in Idaho, and such registration triggered the running of the four month period. However, the boat registration required under Idaho Code 67–7001 et seq. is purely administrative and unlike the motor vehicle certificate of title in Idaho, is not a certificate of ownership and does not provide for the noting of any liens on the registration.

This case turns on meaning of the word "registered" in Idaho Code 28–9–103(2)(b). In the case of *Strick Corp. v. Eldo–Craft Boat Co., Inc.*, 479 F.Supp. 720 (W.D.Ark. 1979) the creditor had obtained New Jersey certificates of title with its lien noted on three trailers. The defendant had obtained non-title registration of the trailers in Arkansas. The court found the creditor's security interest still perfected based on its reading of Arkansas Statute 85–9–103(2)(b) which is the same as Idaho Code 28–9–103(2)(b). The court stated:

> "When this section speaks of 'registration', the Court construes the language to contemplate the issuance of an Arkansas title, not the procurement of a 'non-negotiable', 'non-title' registration ..." *Id.* at 725.

*In re Murray*, 109 B.R. 245 (1989) followed the *Strick* case in dealing with the memo registration of a truck in Michigan that had a certificate of title from Colorado. The court held the creditor's security interest had been perfected by the certificate of title from Colorado and was superior to the trustee's Section 544(a) avoidance powers.

Accordingly, the trustee's motion to set aside GMAC's security interest in the boat, motor and trailer will be denied by separate order. Final hearing on GMAC's motion to lift the automatic stay will be set aside also by separate order.