**GENERAL MOTORS ACCEPTANCE CORPORATION, Appellee,**

v.

**Stephen W. RUPP, Trustee for the Estate of Eric D. and Bridgette F. Turbiville, Appellant.**

**No. 91–4004.**

United States Court of Appeals, Tenth Circuit.

Dec. 18, 1991.

Craig S. Cook and Jay V. Barney, Salt Lake City, Utah, for appellee.

Stephen W. Rupp of McKay, Burton & Thurman, Salt Lake City, Utah, for appellant.

Before LOGAN, MOORE, and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Trustee-appellant Stephen W. Rupp appeals from an opinion of the district court reversing the bankruptcy court's decision permitting a vehicle to be sold by the trustee free and clear of the lien of appellee General Motors Acceptance Corporation (GMAC). *General Motors Acceptance Corp. v. Rupp*, 122 B.R. 436 (D.Utah 1990). The district court held that because GMAC had perfected its security interest in the vehicle by noting its interest on the certificate of title issued by Missouri and because the interest remained perfected after debtors Eric D. and Bridgette Turbiville moved the vehicle to Utah and subsequently filed bankruptcy, the trustee could not sell the vehicle free of the lien. *Id.* at 444. We affirm.

Debtors, while they resided in Missouri, purchased a Honda Accord automobile. GMAC provided the financing for the vehicle. The State of Missouri issued a certificate of title to GMAC noting GMAC's lien on the vehicle.[1] At all times, GMAC has had possession of the Missouri certificate of title.

Debtors subsequently moved to Utah, taking the vehicle with them. Upon arriving in Utah, they applied for a Utah registration and license for the vehicle. In the registration application, debtors indicated that GMAC had a lien on the vehicle. Based on that information, the application was stamped "REGISTRATION ONLY, NO TITLE ISSUED SUBJECT TO ———— TITLE." On June 2, 1989, Utah issued a registration, but did not issue a new certificate of title.

Thereafter, on February 21, 1990, debtors filed for bankruptcy. Pursuant to 11 U.S.C. § 544, which gives the trustee priority over claims, liens or interests which are not fully perfected at the time the bankruptcy petition is filed, the trustee sought to sell the vehicle free and clear of all liens. He argued that GMAC's security interest was no longer perfected because GMAC failed to reperfect its security interest within four months of when the vehicle was moved to Utah and debtors had "registered" the vehicle in Utah. *See* Utah Code Ann. § 70A–9–103(2)(b) (1953) (1990 Replacement). The bankruptcy court permitted sale of the vehicle free and clear of any lien by GMAC, after concluding that registration did not include issuance of a certificate of title.

GMAC appealed, contending that under section 70A–9–103(2)(b), the perfected se-

---

1. The parties have stipulated that Missouri is a certificate of title state, requiring perfection of a security interest by notation on the certificate of title. *See* Mo.Ann.Stat. §§ 301.600–301.660 (Vernon 1986).

curity interest on the removed vehicle continued to be perfected despite the removal and reregistration. The district court agreed, holding that the reregistration, without the issuance of a Utah certificate of title, did not cause GMAC's security interest to become unperfected. *General Motors Acceptance Corp. v. Rupp*, 122 B.R. at 444. Because GMAC's lien was still perfected, the court concluded that GMAC's interest was superior to the claim of the trustee. *Id.*

The issue before the lower courts and before us on appeal is whether GMAC's security interest in the vehicle was no longer perfected four months after debtors removed the vehicle from Missouri to Utah and obtained a registration certificate and license on the vehicle in Utah. Because this is an issue of law, we review de novo. *See In re Ruti–Sweetwater, Inc.*, 836 F.2d 1263, 1266 (10th Cir.1988); *see also Hall v. Vance*, 887 F.2d 1041, 1043 (10th Cir.1989) (bankruptcy court's legal conclusions are reviewed de novo). In our de novo review, we need not give deference to the district court's interpretation of the law of Utah. *See Salve Regina College v. Russell*, —— U.S. ——, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991).

Section 70A–9–103(2) applies to perfection of goods covered by a certificate of title issued by Utah or another state which requires notation of a security interest on the certificate of title to perfect. Section 70A–9–103(2)(b) specifically concerns titled goods which have been moved to Utah from another state. It provides:

> Except as otherwise provided in this subsection, perfection and the effect of perfection or nonperfection of the security interest are governed by the laws, including the conflict of law rules, of the jurisdiction issuing the certificate until four months after the goods are removed from that jurisdiction and thereafter until the goods are registered in another jurisdiction, but in any event not beyond surrender of the certificate. After the expiration of that period, the goods are not covered by the certificate of title within the meaning of this section.

*Id.* Thus, a perfected security interest on an original certificate remains perfected for at least four months after property is moved to Utah, unless the certificate is surrendered. If the vehicle is not registered in Utah within four months, the perfection continues until registration occurs. Another creditor or purchaser need only examine the certificate of title to determine whether there are any liens on the vehicle. Innocent purchasers who rely on certificates of title without notation of a lien on them, however, are protected. When

> goods are brought into this state while a security interest therein is perfected in any manner under the laws of the jurisdiction from which the goods are removed and a certificate of title is issued by this state and the certificate does not show that the goods are subject to the security interest or that they may be subject to security interests not shown on the certificate, the security interest is subordinate to the rights of a buyer of the goods who is not in the business of selling goods of that kind to the extent that he gives value and receives delivery of the goods after issuance of the certificate and without knowledge of the security interest.

*Id.* § 70A–9–103(2)(d).

The parties primarily disagree on the meaning of the word "registered" as used in section 70A–9–103(2)(b). The trustee contends that "registered" means only the actual registration of the vehicle. GMAC, however, submits that "registered" means the obtaining of both a registration and a certificate of title.

In order to determine the meaning of "registered" as it is used in section 70A–9–103(2)(b), it is necessary to consider Utah law concerning registration of vehicles. When considering the Utah registration law along with perfection law, the statutes, where possible, must be harmoniously construed. *Stahl v. Utah Transit Auth.*, 618 P.2d 480, 481 (Utah 1980). In determining the meaning of the statutes, we consider the language of the statutes, the design of the statutes as a whole, and their object. "In order to give a statute its true meaning and significance it should be considered in light of its background and the purpose

sought to be accomplished, together with other aspects of the law which have a bearing on the problem involved." *Snyder v. Clune*, 15 Utah 2d 254, 390 P.2d 915, 916 (1964).

Every vehicle in Utah is subject to registration and certificate of title requirements, except vehicles registered in another state and not owned by a resident of Utah. Utah Code Ann. § 41–1–19(1)(a) (1953) (1988 Replacement). The owner of the vehicle subject to registration must apply for a registration certificate and a certificate of title. *Id.* § 41–1–20(1). When the department is satisfied an applicant is entitled to register a vehicle and obtain a certificate of title, the department shall register the vehicle. *Id.* § 41–1–31. "The department upon registering a motor vehicle shall issue a registration card and a certificate of title." *Id.* § 41–1–35. A new certificate of title will only be issued when an old certificate is surrendered. *Id.* § 41–1–71. When, however, a vehicle is registered in another state and registration in Utah is also desirable, a registration, but not a certificate of title, shall issue. *Id.* § 41–1–23.

Section 41–1–23 has been amended. Prior section 41–1–23 is now section 41–1–23(1). A new subsection, section 41–1–23(2)(a), provides that if a person who has a vehicle registered and titled in another state relocates and establishes residence in Utah, but cannot surrender title because the lienholder has possession of the title, the vehicle can be registered in Utah subject to the outstanding title without issuing a Utah title. Utah Code Ann. § 41–1–23(2)(a) (as amended effective April 23, 1990). Although the statute as amended does not apply to this case, the amendment serves to clarify the intent of the unamended statute, thereby causing it to be useful in interpreting section 41–1–23 prior to amendment. *See generally RDG Assocs./Jorman Corp. v. Industrial Comm'n of Utah*, 741 P.2d 948, 951 (Utah 1987) (significant change in the words of a statute by the legislature is intended to effectuate a change in the statute's interpretation). The amended version of the statute retains the general language of the statute prior to amendment and adds specific language concerning removed vehicles, which it specifically permits to be registered without title. In doing so, the legislature also recognized this registration was unlike registration as used in the other statutes and accordingly specifically excepted it from section 70A–9–103. Utah Code Ann. § 41–1–23(2)(c) (as amended effective April 23, 1990). The clear implication to be drawn from this is that only ordinary registration with certificate of title was intended to unperfect a security interest under section 70A–9–103.

Recognizing the difference between certificates of registration and title, the Utah statutes indicate that both a certificate of title and a registration are necessary to register a vehicle. Thus, absent the exceptional circumstances identified in section 41–1–23, "registered" as used in section 70A–9–103(2)(b) should be construed as requiring both a registration and a certificate of title.

The majority of jurisdictions construing statutes similar to section 70A–9–103(2)(b) have concluded that registering requires issuance of a certificate of title, not merely the reregistration contemplated for issuance of a vehicle license. *See, e.g., Strick Corp. v. Eldo–Craft Boat Co.*, 479 F.Supp. 720, 725 (W.D.Ark.1979); *In re Aguiar*, 116 B.R. 223, 224 (Bankr.D.Idaho 1990); *In re Murray*, 109 B.R. 245, 248 (Bankr.E.D.Mich.1989); *Ford Motor Credit Co. v. Partee*, 514 So.2d 640, 644–45 (La.Ct.App.1987); *Brewton Trading Corp. v. Midland Bank & Trust Co.*, 115 Misc.2d 475, 454 N.Y.S.2d 510, 511 (N.Y.Sup.Ct.1982); *see also In re Daniels*, 93 B.R. 601, 602 (Bankr.M.D.Tenn.1988) (vehicle was not registered, let alone titled, in removal state); *In re B & S Motor Freight, Inc.*, 59 B.R. 259, 265 (Bankr.N.D.Okla.1986) (same); 2 James J. White & Robert S. Summers, Uniform Commercial Code § 24–22 (3d ed. 1988) (registration should be deemed to occur only when a new certificate of title has been issued); U.C.C. § 9–103 Official Comment 4(a) (1972) (where collateral is a vehicle covered by a certificate of title issued by a state and the security interest is perfected by notation on the certificate of title, perfection is controlled by the certificate of title). *But see, e.g., In re Howard*, 9 B.R. 957, 960 & n. 2

(N.D.N.Y.1981); *In re Tuders*, 77 B.R. 904, 907 (Bankr.N.D.Ala.1987); *In re Hrbek*, 18 B.R. 631, 632–33 (Bankr.D.Neb.1982); *City of Boston v. Rockland Trust Co.*, 391 Mass. 48, 460 N.E.2d 1269, 1272–73 (1984).

■ The Utah registration certificate obtained by debtors is merely administrative, is not a certificate of ownership, and does not permit notation of liens on it. *See In re Aguiar*, 116 B.R. at 224. It is not the registration contemplated by section 70A–9–103(2)(b). Therefore, GMAC's security interest in the vehicle remained perfected despite removal of the vehicle to Utah and issuance of the Utah registration certificate and license. Because GMAC's security interest was perfected on the Missouri certificate of title, no certificate of title was issued by Utah, and the vehicle was not "registered" in Utah within the meaning of section 70A–9–103(2)(b), GMAC's security interest was superior to the trustee's avoidance powers of section 544. *See In re Aguiar*, 116 B.R. at 224.

The judgment of the United States District Court for the District of Utah is AFFIRMED.