**In re Deborah LOMAX, Debtor.**

**CITICORP NATIONAL SERVICES, INC., Appellant,**

v.

**Deborah LOMAX, Appellee.**

**Mavis Willingham, Trustee.**

**Bankruptcy No. 91–42746.**

**Civ. A. No. 92–G–2056–E.**

United States District Court, N.D. Alabama, E.D.

Feb. 4, 1993.

William Stitt Poole, Jr., Demopolis, AL, for Citicorp.

Frank R. LaBudde, Anniston, AL, for Deborah Lomax.

## MEMORANDUM OPINION

GUIN, Senior District Judge.

■ This cause is before the court on appeal by Citicorp National Services, Inc. (Citicorp) from final order of the United States Bankruptcy Court for the Northern District of Alabama entered on May 20, 1992, sustaining the trustee's contest of claim of the secured proof of claim of creditor Citicorp. This court has jurisdiction over the appeal of such final orders under 28 U.S.C. § 158. Citicorp filed a timely notice of appeal. Questions of law presented to this court on appeal from judgment by the Bankruptcy Court are subject to *de novo* review. *In re Sublett,* 895 F.2d 1381 (11th Cir.1990).

On October 11, 1991, the debtor Deborah Lomax filed a Chapter 13 bankruptcy petition. The debtor listed Citicorp as a secured creditor on her bankruptcy schedules. On February 5, 1992, Citicorp filed a secured proof of claim for a total of $13,-481.17 which represented its secured interest in a mobile home previously purchased by the debtor. On March 19, 1992, the trustee in bankruptcy filed a contest of claim directed to Citicorp's secured claim. The trustee claimed that Citicorp was not entitled to secured status. The Bankruptcy Court ultimately sustained the trustee's contest. This appeal followed. The debtor is not a party to this appeal.

The debtor purchased a mobile home in South Carolina in 1984. Debtor moved the mobile home to Alabama in 1986. The Bankruptcy Court found that the debtor had purchased a mobile vehicle registration tag each year since 1988. The debtor testified before the Bankruptcy Court that she purchased a mobile vehicle registration tag in Alabama each year since 1984.[1] Transcript of May 12, 1992, hearing before the Bankruptcy Court, page 12. Citicorp holds

---

1. The court need not be mired down on the evidentiary point of when the debtor began paying vehicle registration tax. It is immaterial to the issue before the court whether the debtor began paying the vehicle registration tax in 1984 or 1988. No dispute exists that the debtor did pay this tax at some point well prior to her filing bankruptcy. The effect of this payment, not the date of its occurrence, is at issue.

a lien on the mobile home which it perfected in South Carolina by inscribing a notation of this lien on the face of the original certificate of title to the mobile home. Citicorp holds this original certificate of title and has never surrendered the title to the debtor. Nothing suggesting satisfaction or release of the lien has occurred. Citicorp did not file any notice of its lien or in any way perfect its security interest in Alabama.

The ultimate issue before the court is whether Citicorp lost its secured status by failing to perfect its security interest in Alabama. In order to decide this issue, the court must analyze the applicable Alabama statute. The pertinent statute is a codification of section 9–103 of the Uniform Commercial Code (UCC). Section 7–9–103(2)(b) of the Code of Alabama states:

> Except as otherwise provided in this subsection, perfection and the effect of perfection or nonperfection of the security interest are governed by the law (including the conflict of laws rules) of the jurisdiction issuing the certificate until four months after the goods are removed from that jurisdiction and thereafter until the goods are registered in another jurisdiction, but in any event not beyond surrender of the certificate. After the expiration of that period, the goods are not covered by the certificate of title within the meaning of this section.

In light of this statute, the issue is what effect, if any, did the payment by the debtor of the vehicle registration tax have on Citicorp's security interest in the mobile home. Did this tax payment constitute "registration" as contemplated by the Code of Alabama? Following the holding in *In re Tuders*, 77 B.R. 904 (Bankr.N.D.Ala. 1987), the Bankruptcy Court found that it did. This court finds that it did not and that therefore the Bankruptcy Court's decision sustaining the trustee's contest must be reversed.

No binding authority exists on the issue at bar. Although *In re Tuders* was decided by a bankruptcy court in this district, it is not binding authority on this court as it sits in its appellate capacity. The court must therefore interpret the law as it deems correct and just.

Two lines of cases exist regarding a situation such as the one currently before the court. *In re Tuders*, 77 B.R. 904 (Bankr. N.D.Ala.1987), represents one, and *General Motors Acceptance Corp. v. Rupp*, 122 B.R. 436 (Bankr.D. Utah 1990), *aff'd*, 951 F.2d 283 (10th Cir.1991) together with the case it follows *In re Murray*, 109 B.R. 245 (Bankr.E.D.Mich.1989) represent the other.

*Tuders* is factually on point with the case *sub judice*, but the court in that case reached what this court finds to be an untenable conclusion. The Bankruptcy Court in that case held that payment of the mobile home vehicle registration tax constituted registration as contemplated by the Alabama statute. This outcome is based on a literal interpretation of the term *registration*. This court finds that such an interpretation flies in the face of the intent of the draftsmen of this section of the UCC from which this statute was drawn.

The court finds that the better line of reasoning is expressed in *In re Murray*, 109 B.R. 245 (Bankr.E.D.Mich.1989). In *Murray*, as in the case at bar, a security interest in a vehicle was perfected in the state of purchase (Colorado) by notation on the certificate of title. The owners of the car subsequently moved to another state (Michigan) taking the car with them. They obtained what was termed a "memo registration." This type of registration was issued when, for example, the vehicle was titled in another state and a lienholder was holding the certificate of title. Although Michigan is a title state, no new certificate of title was issued. The owners of the vehicle filed for bankruptcy more than four months after moving to Michigan, and the trustee sought to avoid the creditor's security interest in the vehicle. The court held that "registration" as contemplated by the statute had not taken place, and the creditor's interest remained perfected.

This outcome is in keeping with White and Summers analysis of this dilemma. 2 J. White and R. Summers, *Uniform Commercial Code*, § 24–22, pages 401–402 (3d ed. 1988). The court agrees with these learned scholars that to allow tag registra-

tion to satisfy the requirements of the statute would make for a "crazy outcome." Such a finding would provide anyone on the verge of bankruptcy a simple method of defeating a secured creditor's interest in goods covered by this statute. A vehicle can be the subject of non-title registrations in multiple states, none of which should be allowed to defeat a secured creditor's interest in the res. 2 J. White and R. Summers, *Uniform Commercial Code,* § 24–22, pages 398–402 (3d ed. 1988).

The purpose of this statute is to provide an orderly system for dealing with secured transactions and to balance the interests of creditors and subsequent lenders or buyers. As the court in *Murray* recognized, the purpose of the provisions of this statute is not to provide a mechanism by which security interests can be destroyed but to avoid chilling the marketplace with concerns about perfected but hidden liens on vehicles. *General Motors Acceptance Corp. v. Rupp,* 122 B.R. 436 (Bankr.D. Utah 1990), *aff'd,* 951 F.2d 283 (10th Cir. 1991); *In re Murray,* 109 B.R. 245 (Bankr. E.D.Mich.1989).

The court is aware that no certificate of title procedure exists in Alabama for mobile homes manufactured prior to 1990, so the debtor could not have obtained one in any event. The trustee would have the court allow this omission in the law to defeat Citicorp's secured interest. Such a result would be inequitable and contrary to what this court deems to be the better interpretation of the statute. Citicorp was put in an untenable position. It had no notice that the mobile home had been removed from South Carolina. The debtor had no procedure by which to indicate the lien on her vehicle registration form to protect Citicorp's interest and give notice to any subsequent buyers or lenders of the encumbrance on the title. Citicorp was left without mechanism to protect its interest.[2] The trustee's position would entirely defeat the purposes of the statute. It would protect neither the secured creditor nor subsequent innocent buyers or lenders.

The court finds that vehicle tag registration in Alabama for vehicles not covered by the current certificate of title provision does not constitute "registration" as that term is used in section 7–9–103(2)(b) of the Code of Alabama. Accordingly, the decision of the Bankruptcy Court in this case which sustained the trustee's contest of Citicorp's claim must be reversed and the case remanded to the Bankruptcy Court for entry of an order in conformity with this opinion. An order reversing and remanding this case shall be entered contemporaneously herewith.

---

**2.** The court notes with interest that in at least one state, the legislature has seen fit to incorporate a clause in its non-title vehicle registration statute which preserves security interests perfected in other jurisdictions. *General Motors Acceptance Corp. v. Rupp,* 122 B.R. 436, 439 (Bankr.D. Utah 1990), *aff'd,* 951 F.2d 283 (10th Cir.1991).