**In re Benny MIRELES, Beatrice Mireles, Debtors.**

**Eileen Field, Trustee, Plaintiff,**

v.

**Key Bank, et al., Defendants.**

**Bankruptcy No. 99–17305.**
**Adversary No. 00–1121.**

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Oct. 11, 2000.

John Forg, Forg & Forg, Cincinnati, OH, for debtors.

John L. Day, Jr., Wellman, Weinberg & Reis Co., LPA, Cincinnati, OH, for defendants.

Eileen Field, Cincinnati, OH, trustee.

---

## ORDER GRANTING KEY BANK'S MOTION FOR SUMMARY JUDGMENT

J. VINCENT AUG, Jr., Bankruptcy Judge.

This matter is before the Court on Defendant Key Bank's motion for summary judgment (Doc. 6) and the Trustee's response (Doc. 10).

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2)(K) and (E).

The Trustee filed this adversary proceeding against the Debtors and Key Bank seeking turnover of a 1996 conversion van from the Debtors and avoidance of Key Bank's alleged unperfected security interest therein. The Trustee contends that because Key Bank failed to re-perfect its security interest in the vehicle as required by the "four month rule" that Key Bank lost its perfected status.

The facts are not in dispute. In 1997, Key Bank financed the Debtors' purchase of the vehicle. Key Bank perfected its security interest under Wyoming law, *see* Wyo.Stat. § 34.1–9–302(e), by properly filing a financing statement and noting its security interest on the certificate of title. In July, 1999, the Debtors moved to Ohio. More than four months later, on December 30, 1999, the Debtors filed their chapter 7 petition.[1] The Debtors did not obtain an Ohio certificate of title for the vehicle.

■ The controlling Article 9 statute is Ohio Revised Code § 1309.03(B)(2) (UCC 9–103) (emphasis added), which applies specifically to goods covered by a certificate of title:

Except as otherwise provided in this division, perfection and the effect of perfection or nonperfection of the security interest are governed by the law, includ-

---

1. There apparently is no challenge to the Debtors' contention that they resided in this District for 180 days.

ing the conflict of laws rules, of the jurisdiction issuing the certificate until four months after the goods are removed from that jurisdiction *and thereafter* until the goods are registered in another jurisdiction, but in any event not beyond the surrender of the certificate.

 Pursuant to the clear language of the statute, goods covered by a certificate of title, i.e., vehicles, remain perfected in the new jurisdiction until such time as they are registered[2] in the new jurisdiction. *In re Males*, 999 F.2d 607 (2d Cir.1993); *General Motors Acceptance Corp. v. Rupp*, 951 F.2d 283 (10th Cir.1991); *In re Murray*, 109 B.R. 245 (Bankr.E.D.Mich.1989); *In re Daniels*, 93 B.R. 601 (Bankr.M.D.Tenn. 1988).

The Trustee cites to an Ohio court decision which holds otherwise. In *The Wayne Bank v. Bob Schmidt Chevrolet, Inc.*, 70 Ohio Misc. 7, 433 N.E.2d 1294 (1981), the Lucas County Court of Common Pleas held that a security interest in a vehicle had to be perfected in the new state within the four month period to remain perfected. The rationale of the state court was that UCC 9–103(B)(2) is "similar" to the four month grace period in UCC 9–103(A)(4)(a). It is this Court's respectful position that the state court decision is wrong. First, the state court decision gives no meaning to the phrase "and thereafter" in UCC 9–103(B)(2). Second, UCC 9–103(A)(4)(a), which applies to goods *not* covered by a certificate of title, clearly sets forth a maximum four month period in which a security interest must be re-perfected:

> If the action is not taken before the ... end of four months after the collateral is brought into this state ... the security interest becomes unperfected at the end of that period ...

Accordingly, Key Bank's motion for summary judgment is hereby GRANTED.

Also, the pretrial conference scheduled for October 16, 2000 is hereby VACATED.

IT IS SO ORDERED.

---

**2.** Although not at issue in this case, the majority of courts have held that registration in the new state means the issuance of a new certificate of title. *In re Males*, 999 F.2d at 613; *General Motors Acceptance Corp.*, 951 F.2d at 286.