**In re Teresa Inez GARRETT, Debtor.**

**John P. Newton, Trustee, Plaintiff,**

**v.**

**Oakwood Acceptance Corp., Defendant.**

**Bankruptcy No. 01–31796.**
**Adversary No. 01–3136.**

United States Bankruptcy Court,
E.D. Tennessee.

March 12, 2002.

John P. Newton, Jr., Cynthia T. Lawson, McGehee & Newton, P.C., Knoxville, TN, for Plaintiff.

Rick Carl, Baker, Donelson, Bearman & Caldwell, P.C., Knoxville, TN, for Defendant.

### MEMORANDUM ON MOTIONS FOR SUMMARY JUDGMENT

RICHARD STAIR, Jr., Bankruptcy Judge.

John P. Newton, Jr., Trustee (Trustee), filed the present Complaint on September 12, 2001. Pursuant to 11 U.S.C.A. § 544

(West 1993),[1] the Trustee seeks to avoid the lien of Oakwood Acceptance Corporation (Oakwood) encumbering the Debtor's 1998 Oakwood Mobile Home.

Now before the court is the Trustee's Motion for Summary Judgment filed on February 4, 2002, and Oakwood's Motion for Summary Judgment filed on February 8, 2002. At issue is whether Oakwood's lien remained properly perfected following the mobile home's relocation from Kentucky to Tennessee.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(K) (West 1993).

## I

On April 14, 1999, the Debtor entered into a "Manufactured Home Retail Installment Contract Kentucky" (Contract) for the purchase of the mobile home from Oakwood Mobile Homes, Inc.[2] The Debtor was, at that time, a resident of the Commonwealth of Kentucky. Following the purchase, the mobile home was situated in Kentucky until approximately May 17, 2000, at which time the Debtor relocated to Tennessee. The mobile home is presently sited in Harriman, Tennessee.

Pursuant to the terms of the Contract, Oakwood retained a security interest in the mobile home. The security interest is evidenced by notation of the lien, filed May 20, 1999, on the mobile home's certificate of title. Oakwood took no additional steps to perfect its security interest following the Debtor's move to Tennessee. The Trustee has offered no evidence that Oakwood has released the certificate of title or that the mobile home has been registered in Tennessee or in any state other than Kentucky.

## II

Summary judgment, pursuant to FED. R. CIV. P. 56 and FED. R. BANKR. P. 7056, shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The parties agree that no material facts are disputed in this case. The court need therefore only analyze the present motions to determine if this matter is ripe for judgment as a matter of law.

## III

In his Motion for Summary Judgment, the Trustee cites TENN. CODE ANN. § 47–9–103(3) (1998) as controlling on

---

1. (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

 (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

 (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with

respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

 (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists. 11 U.S.C.A. § 544(a).

2. The Contract provides that it is assigned from Oakwood Mobile Homes, Inc. to Oakwood Acceptance Corporation.

the present issue of perfection.[3] Subsection 3 is, however, inapplicable to goods covered by a certificate of title: (1) issued under the law of another state which; (2) requires lien notation on the certificate as a condition of perfection. TENN. CODE ANN. § 47–9–103(2)(a), (3)(a) (1998). As noted, the mobile home is subject to a certificate of title. In Kentucky, notation of the lien is required as a condition of perfection. *See* KY. REV. STAT. ANN. § 186A.190(1) (Banks–Baldwin 1998 & 2001). Section 47–9–103(3) therefore is of no relevance to this proceeding.

 Perfection of the mobile home is instead governed by TENN. CODE ANN. § 47–9–103(2) (1998), which provides in material part:

(a) This subsection applies to goods covered by a certificate of title issued under a statute of this state or of another jurisdiction under the law of which indication of a security interest on the certificate is required as a condition of perfection.

(b) [With exceptions not presently relevant], perfection and the effect of perfection or nonperfection of the security interest are governed by the law (including the conflict of laws rules) of the jurisdiction issuing the certificate until four (4) months after the goods are removed from that jurisdiction and thereafter until the goods are registered in another jurisdiction, but in any event not beyond surrender of the certificate. After the expiration of that period, the goods are not covered by the certificate of title within the meaning of this section.

TENN. CODE ANN. § 47–9–103(2)(a)–(b) (1998). Under the reading advanced by the Trustee in response to Oakwood's Motion for Summary Judgment, § 47–9–103(2)(b) sets a strict four-month period within which a lien must be perfected anew following the collateral's relocation to this state. According to the Trustee, Oakwood's failure to take action before that four-month deadline cost Oakwood its status as a properly perfected lienholder.

The Trustee focuses, unduly, on the last sentence of § 47–9–103(2)(b), which provides that a security interest becomes unperfected "[a]fter the expiration of *that period* ...." TENN. CODE ANN. § 47–9–103(2)(b) (1998) (emphasis added). The Trustee contends "that period" only refers to the four months mentioned in the first sentence of § 47–9–103(2)(b). The court cannot agree with the Trustee's construction.

The first sentence of § 47–9–103(2)(b) provides that perfection is governed by the law of the state issuing the certificate of title (here, Kentucky) unless the secured creditor surrenders the certificate of title. *See id.* ("[P]erfection ... [is] governed by the law ... of the jurisdiction issuing the certificate ... but ... not beyond surrender of the certificate."); TENN. CODE ANN. § 47–9–103 cmt. 4(c) (1998); *Forbes v. Daniels (In re Daniels)*, 93 B.R. 601, 602 (Bankr.M.D.Tenn.1988).[4] So long as the certificate is not surrendered, the law of the issuing state (Kentucky) continues to govern perfection for at least four months following relocation of the collateral to Tennessee. *See* TENN. CODE ANN. § 47–9–

---

**3.** Section 47–9–103 was superseded by the July 1, 2001 Article 9 revisions to the Tennessee Code. The section was in effect, however, as of the April 10, 2001 commencement of the Debtor's Chapter 7 case and is therefore applicable to the present controversy. *See* 11 U.S.C.A. § 544 (evaluating creditor's and trustee's positions as of "the commencement of the case.").

**4.** In *Forbes*, Judge Lundin reached the same conclusion (on remarkably similar facts) as the court reaches herein.

103(2)(b) (1998) ("[P]erfection ... [is] governed by the law ... of the jurisdiction issuing the certificate until four (4) months after" relocation of the collateral.); TENN. CODE ANN. § 47–9–103 cmt. 4(c) (1998). If the certificate is not surrendered and if the collateral is not registered in a new jurisdiction, the law of the issuing state (Kentucky) continues to govern perfection beyond the four-month window. *See* TENN. CODE ANN. § 47–9–103(2)(b) (1998) ("[P]erfection ... [is] governed by the law ... of the jurisdiction issuing the certificate until four (4) months after" relocation of the collateral *"and thereafter* until the goods are registered in another jurisdiction ...." (emphasis added)); TENN. CODE ANN. § 47–9–103 cmt. 4(c) (1998) ("The section provides that the certificate ceases to control after 4 months following removal *if reregistration has occurred* ...." (emphasis added)); *Forbes,* 93 B.R. at 603.

The strict four-month window advanced by the Trustee completely ignores the language immediately following and modifying the four-month period, thereby nullifying part of the statute. *See* TENN. CODE ANN. § 47–9–103(2)(b) (1998) (Kentucky law governs "until four (4) months ... *and thereafter until the goods are registered in another jurisdiction* ...." (emphasis added)); *see also Mountain States Tel. & Tel. Co. v. Pueblo of Santa Ana,* 472 U.S. 237, 105 S.Ct. 2587, 2594, 86 L.Ed.2d 168 (1985) (It is "elementary" that a statute should be constructed so as not to render one part a nullity.); *Lau Ow Bew v. United States,* 144 U.S. 47, 12 S.Ct. 517, 520, 36 L.Ed. 340 (1892) (A basic canon of statutory construction is to avoid those readings which result in an absurdity). "That period" referenced in § 47–9–103(2)(b)'s second sentence is that *complete* period established by § 47–9–103(2)(b)'s first sentence.

"That period" is not four months as argued by the Trustee. In setting "that period," the Tennessee legislature (and the drafters of the U.C.C.) began with a four-month window but then modified the time frame through both expansion (four months "and thereafter") and restriction ("but in any event not beyond surrender of the certificate.").

## IV

On the date of the Debtor's Chapter 7 filing, Oakwood had not surrendered the certificate of title and the mobile home had not been registered in a state other than Kentucky. Oakwood's lien therefore remained perfected at the commencement of this case. *See* TENN. CODE ANN. § 47–9–103(2)(b) (1998); *Daniels,* 93 B.R. at 603. Accordingly, the Trustee cannot avoid Oakwood's security interest under the provisions of § 544(a).

The Trustee's Motion for Summary Judgment will therefore be denied and Oakwood's Motion for Summary Judgment will be granted. The Trustee's Complaint filed on September 12, 2001, must be dismissed. An appropriate order will be entered.